IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEIFULLAH A. ALI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-22-2568 |
| MD. DIV. OF CORRECTIONS, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Maryland Department of Public Safety and Correctional Services, Maryland Division of Corrections;[1] Carlos Bivens; Todd Hull; Robert Green; Wayne Hill; and Chief of Security at Roxbury Correctional Institution's ("RCI") (collectively, "Correctional Defendants") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 19). Also pending are Correctional Defendants' third Motion for Extension of Time, (ECF No. 18), self-represented Plaintiff Seifullah A. Ali's Motion to Amend Complaint, (ECF No. 9), Ali's Motion to Appoint Pro Bono Counsel,[2] (ECF No. 14), Ali's Motion to Oppose Defendants'

---

[1] The Court will grant Ali's Motion to Amend the Title of Defendant "Maryland Division of Corrections" to "Maryland Department of Public Safety and Correctional Services, Maryland Division of Corrections" (ECF No. 22).

[2] Ali's Motion to Appoint Pro Bono Counsel, (ECF No. 14), shall be denied as a review of the pleadings demonstrates that he has the ability to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. See 28 U.S.C. § 1915(e)(1) (appointment of counsel is discretionary and may be considered where an indigent claimant presents exceptional circumstances).

Motion for Extension of Time,[3] (ECF No. 15), Motion to Amend the Title of Defendants, (ECF No. 22), and a Motion to Request Consideration of Ali's Religious Land Use and Institutionalized Persons Act ("RLUIPA") Claim, (ECF No. 26). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant Correctional Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and deny Ali's Motions.

## I.   BACKGROUND

Ali filed his Complaint on November 4, 2022. (Compl. Envelope at 1, ECF No. 1-1). On September 30, 2022, Ali alleges that he was transferred to RCI from Dorsey Run Correctional Facility. (Compl. at 2, ECF No. 1). He states that since he arrived, he has been locked down in his cell for twenty-three hours, forty-five minutes per day, and four days per week. (Id. at 2–3). On the remaining three days, Ali alleges he "may not be given the (15) fifteen minutes for a shower." (Id. at 3).

Ali states that he wrote to the Director of the Maryland Division of Corrections, which described the conditions at RCI, only to have his letter referred back to the Warden. (Id. at 3). The response, written on behalf of the Department of Public Safety and Correctional Services ("DPSCS") Secretary Robert Green, informed Ali that "shift commanders were advised to give the inmate population at least one hour of recreation a

---

[3] The Court will deny Correctional Defendants' Motion for Extension of Time, (ECF No. 18), and Ali's Motion to Oppose Correctional Defendants' Motion for Extension of Time, (ECF No. 15), as moot.

day." (Id.). Despite that assurance and Ali's attempts to bring about a change, the conditions at RCI did not change. (Id.).

As a result of Ali's confinement to his cell, he claims that his health started to deteriorate with his legs and feet becoming swollen. (Id. at 3). He also claims his mental health deteriorated because he cannot receive weekly therapy sessions. (Id.). Ali claims that under the Eighth and Fourteenth Amendments as well as the "United Nations Standard Minimum Rules for the treatment of prisoners '(A.K.A. The Nelson Mandela Rules),'" he is entitled to at least one hour of exercise and sports in the open air every day. (Id. at 4).

As relief, Ali seeks an order requiring officials at RCI to cease confining him to his cell in the manner described and to award damages of $500 a day for each day he was not given at least one hour of recreation beginning September 30, 2022. (Id. at 5).

Ali filed a Motion to Amend the Complaint on March 27, 2023. (ECF No. 9). On August 3, 2023, Correctional Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 19). They assert that Ali failed to exhaust administrative remedies before filing this complaint. (Mot. Dismiss ["Mot"] ¶ 3, ECF No. 19).[4] Ali filed an Opposition on August 21, 2023. (ECF No. 23). On September 14, 2023, Ali filed a Motion to Request Consideration of his RLUIPA Claim. (ECF No. 26).

---

[4] Because the failure to exhaust administrative remedies requires dismissal without prejudice, all remaining arguments raised by Correctional Defendants are not addressed. See 42 U.S.C. § 1997e(a).

3

## II.     DISCUSSION

**A.     Conversion**

Correctional Defendants' Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464

4

(D.Md. 2005) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998)).

Here, Ali was on notice of conversion because Correctional Defendants styled their motion as "in the alternative," and Ali did not assert a need for discovery. Nevertheless, even though the requirements for conversion appear to have been met , the Court, in its "complete discretion," declines to convert the Motion and will construe Correctional Defendants' Motion (ECF No. 19) as a Motion to Dismiss. See Wells-Bey 2013 WL 1700927, at *5.

### B. Standards of Review

#### 1. Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the

complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

### 2.     Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Although leave to amend must be freely given by this Court, leave to amend may be denied where the proposed amendment "would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." See Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010). A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. Id. at 604; see also Deasy v. Hill, 833 F.2d 38, 42 (4th Cir. 1987).

**C.    Analysis**

    **1.    Motion to Dismiss**

Correctional Defendants raise the affirmative defense that Ali has failed to exhaust his administrative remedies. If Plaintiff's claim has not been properly presented through the administrative remedy procedure, it must be dismissed under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003), aff'd, 98 F.App'x 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading standard on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Anderson

7

v. XYZ Corr. Health Services, Inc., 407 F.2d 674, 682 (4th Cir. 2005). A claim that has not been exhausted may not be considered by this Court. See Jones, 549 U.S. at 220. In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust. See Ross v. Blake, 136 S.Ct. 1850, 1856–57 (2016).

In Maryland prisons, the Administrative Remedy Procedure is the administrative process that must be exhausted. Md. Code Regs. ("COMAR") § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. COMAR § 12.02.28.05(D)(1) (requiring filing with the "managing official"); COMAR 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); COMAR 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. COMAR 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). See Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; COMAR 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. See Md. Code Ann., Corr. Servs. § 10-210(a).

The PLRA's exhaustion requirement serves several purposes. These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Bock, 549 U.S. at 219; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)

8

(exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase, 286 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943–44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); see also Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after the prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003), abrogated by Woodford v. Ngo, 548 U.S. 81 (2006) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement but need not seek judicial review).

In this case, Ali arrived at RCI on September 30, 2022 and filed his complaint in this Court on November 4, 2022, exactly 35 days later. (Compl. at 2; Compl. Envelope at 1). He did not allow enough time to elapse for even an attempt at exhausting administrative remedies. His complaints about the conditions at RCI were therefore never presented to prison officials beyond the institutional level. (See Compl. at 2 (indicating initial grievance response was not appealed); Opp'n to Mot. Dismiss ["Opp'n"] at 5, ECF No. 23). Ali complains that "[t]he average grievance gets dismissed and becomes no[n] appealable if the grievance officer uses or quote[s] a department order blocking an inmate use of the

9

appeal[s] process." (Opp'n at 5). This claim does not support a finding that the administrative remedy procedure was unavailable to Ali because there is nothing in the procedural rules indicating that an appeal process became unavailable in that circumstance, and Ali did not attempt to appeal his ARP regarding conditions before the complaint was filed in this Court. (See Compl. at 2).

Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. See Neal v. Goord, 267 F.3d 116, 121–22 (2d Cir. 2001) (overruled on other grounds). In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." This Court has consistently recognized this principle. Kitchen v. Ickes, 116 F. Supp. 3d 613, 624–25 (D.Md. 2015), aff'd, 644 F.App'x 243 (4th Cir. 2016); Miller v. McConneha, JKB-15-1349, 2015 WL 6727547, at *3–4 (D.Md. Nov. 11, 2015); Wilson v. MCTC Admin., PWG-21-3094, 2022 WL 14849012, at *6 (D.Md. Oct. 26, 2022); Leupolu v. Okoluku, SAG-21-1854, 2022 WL 4017308, at *4 (D.Md. Sept. 1, 2022); Hand v. Allen, JKB-20-3119, 2022 WL 137978, at *4 (D.Md. Jan. 14, 2022); Wooten v. Hogan, CCB-20-1218, 2021 WL 416947, at *3 (D.Md. Sept. 14, 2021); Ervin v. Corizon Health, ELH-19-1666, 2020 WL 2490042, at *28 (D.Md. May 13, 2020); Conaway v. Carr, RDB-19-809, 2019 WL 4806141, at *5 (D.Md. Oct. 1, 2019); Shiheed v. Webb, GLR-16-3166, 2019 WL 3220122, at *5 (D.Md. July 16, 2019). The purpose of exhaustion was therefore thwarted by Ali's premature filing of this lawsuit. Accordingly, the Court will grant Correctional

Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss.

### 2. Motion for Leave to Amend

Ali's Motion to Amend Complaint, (ECF No. 9), is the second such motion filed by Ali, (see ECF No. 6). His Motion to Request Consideration of his additional religion claim, (ECF No. 26), augments his Motion to Amend Complaint. The original Complaint concerns the alleged practice of keeping inmates in their cells with only a fifteen-minute recreation period four days per week, and how this practice violates of the Eighth and Fourteenth Amendments of the Constitution. (ECF No. 1). The Amended Complaint and the subsequent Motion requesting consideration of his additional claim assert that Plaintiff and other Sunni Muslims have not been allowed to engage in congregate worship, which were in violation of the First Amendment of the Constitution, RLUIPA, and 42 U.S.C. § 2000cc. (ECF Nos. 9, 26). The claim Ali asserts in the Amendment and his Motion is unrelated to the allegations raised in the original Complaint and changes the nature of this litigation. Therefore, the amendment, (ECF No. 9), and the motion, (ECF No. 26), will be denied. Ali is advised that he may raise his religion claim in a separate complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Correctional Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss (ECF No. 19). The Court will deny Correctional Defendants' third Motion for Extension of Time (ECF No. 18) and Ali's Motion to Oppose Defendants' Motion for Extension of Time (ECF No. 15) as moot. The Court will grant Ali's Motion to Amend Title of

Defendants (ECF No. 22). The Court will deny Ali's Motion to Amend Complaint (ECF No. 9), Ali's Motion to Appoint Pro Bono Counsel (ECF No. 14), and Ali's Motion to Request Consideration of his additional religion claim (ECF No. 26). The Complaint must be dismissed without prejudice by separate Order which follows.

    Entered this 3rd day of October, 2023.

                                                        /s/
                                       George L. Russell, III
                                       United States District Judge